# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0277** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **NEGII COFFEE, II** | : | |

## MEMORANDUM

Presently before the court is defendant's *pro se* motion (Doc. 166) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Defendant asserts multiple theories to support his motion to vacate. Specifically, defendant contends that (1) he received ineffective assistance of counsel in violation of his Sixth Amendment rights,[2] (see Doc. 167 at 1-17); (2) his guilty plea was not made knowingly and intelligently because the government breached the terms of its plea agreement, (id. at 18); (3) the court erred in enhancing his sentence pursuant to U.S.S.G. § 2K2.1(b)(5), (id. at 26); (4) the court erred in computing his criminal history score pursuant to U.S.S.G. § 4A1.2(c)(1), (id. at 31); and (5) the court erred in

---

[1] See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

[2] Defendant claims that his counsel was ineffective both at trial and on appeal when he (1) induced defendant to enter a guilty plea by presenting him with a "proffer agreement" guaranteeing a sentence range from 46-57 months, (see Doc. 167 at 3); (2) failed to fully disclose the consequences of the plea, (id.); (3) failed to object that defendant was being sentenced to a guideline range inconsistent with the government's proffer agreement, (id. at 5); (4) failed to argue on direct appeal several issues which defendant wished to raise, (id. at 7); and (5) failed to appear for oral argument before the Third Circuit Court of Appeals, (id. at 7).

determining that his family circumstances did not warrant a downward departure from the guidelines range, (id. at 40). For the reasons that follow, defendant's motion (Doc. 166) will be denied.

I.  **Statement of Facts & Procedural History**

On July 20, 2005, defendant was indicted on one count of being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1). On December 8, 2005, defendant was charged by superseding indictment with one count of being a felon in possession of a firearm, one count of possessing a firearm in relation to and in furtherance of a drug trafficking crime, see 18 U.S.C. § 924(c)(1), and two counts of possession with intent to distribute a controlled substance, see 18 U.S.C. § 841(a)(1). On January 17, 2006, defendant entered a plea of not guilty with respect to the superseding indictment. (See Doc. 43). Defendant withdrew his plea of not guilty on August 23, 2006 and entered a plea of guilty to being a felon in possession of a firearm. (See Docs. 95, 105). Defendant was sentenced on May 3, 2007, (see Doc. 136), and judgment was thereafter entered, (see Doc. 137).

Defendant filed a notice of appeal with the Third Circuit Court of Appeals on May 13, 2007. (See Doc. 138). The Third Circuit affirmed the judgment of sentence on September 30, 2008. See United States v. Negii Coffee II, 293 F. App'x 904 (3d Cir. 2008). On November 23, 2009, defendant timely filed the instant motion (Doc. 166) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion has been fully briefed and is ripe for disposition.

2

## II. **Discussion**

Defendant alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment, that his guilty plea was not knowing and voluntary because the government breached its plea agreement, and that the court committed various errors during sentencing. The court will address these issues *seriatim*.

### A. **Ineffective Assistance of Counsel**

Defendant alleges he was denied effective assistance of counsel in violation of his Sixth Amendment rights under the United States Constitution.[3] A claim for ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a contention, a defendant must demonstrate that "(1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient representation was prejudicial to the petitioner." Id. at 686. When evaluating whether counsel has satisfied the objective standard of reasonableness, courts must be highly deferential toward trial counsel's conduct. See id. at 694. Moreover, counsel cannot be deemed ineffective for failing to raise a meritless claim. See United States v. Saunders, 165 F.3d 248, 253 (3d Cir. 1999). To satisfy the prejudice prong, a party must show that, but for counsel's errors, the outcome of the proceeding would have been different.

---

[3] The Sixth Amendment states, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. amend. VI.

3

See Strickland, 466 U.S. at 694. With this understanding, the court will address defendant's specific contentions.

1.  **"Proffer Agreement"**

Defendant first asserts that his counsel was ineffective because he induced defendant to enter a guilty plea by "proffer agreement"[4] on the understanding that he would receive a sentence within a range of 46-57 months. The court subsequently imposed a sentence of 100 months. (See Doc. 167 at 3-4). Defendant's contention is directly contradicted by the unequivocal terms of the actual plea

---

[4] The alleged proffer agreement to which defendant refers is in actuality the "Rough Guidelines Worksheet" ("Worksheet") prepared by the United States Attorney's Office. (See Doc. 170 at 1-2, Gov't Ex. 1). The United States Attorney's Office provides these Worksheets to probation officers for use in preparing investigation reports, and they are labeled "rough" because sentence enhancement calculation is incomplete prior to the conclusion of the presentence investigation. (See Doc. 170 at 2). The government maintains that "[t]here never was any proffer agreement between the parties. [Defendant] refused to cooperate and the Assistant United States Attorney assigned to the case had no contact with [defendant] except in the courtroom during court proceedings." (Id. at 1). Defendant claims that his counsel showed him a copy of the Worksheet to induce him to plead. (See e.g., Doc. 167 at 3; Doc. 170 at 2).

4

agreement he signed,[5] (see Doc. 95), as well as his own sworn testimony during his change of plea hearing,[6] (see Doc. 108). It is well settled that a guilty plea "constitute[s] a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Defendant has produced no evidence of record to show that counsel acted improperly during plea negotiations, and his post-hoc accusations of misconduct are contradicted by his own solemn declarations in open court. Trial counsel's conduct was reasonable, and the court rejects defendant's first allegation of ineffective assistance of counsel.

---

[5] The plea agreement defendant signed on July 28, 2006 clearly states that (1) "the maximum penalty for the offense is imprisonment for a period of ten (10) years"; (2) "the United States will make a specific recommendation within the applicable guideline range and reserves the right to recommend the maximum sentence within that range"; (3) "the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for ten (10) years"; (4) "[i]f the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea"; (5) "[t]his document states the complete and only plea agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant"; and (6) "[n]o other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea." (See Doc. 95 at 1-8).

[6] After a recital of the material terms of the plea agreement, defendant acknowledged that the terms of the agreement were accurate. (See Doc. 108 at 9). The court further inquired, "Other than those terms did anyone offer or promise you anything else to get you to plead guilty?" Defendant replied, "No." (See id.). Defendant further testified that (1) he was entering the plea agreement of his own free will, (2) no one could guarantee what sentence would be imposed by the court, and (3) the court may reject the government's sentencing recommendations without permitting him to withdraw his plea. (See id. at 9-10).

5

### 2. **Voluntariness**

Defendant claims that he was "completely unaware that he could receive any sentence" other than the 46-57 months outlined in the "proffer agreement" and that his guilty plea was therefore involuntary. (See Doc. 167 at 4). As discussed supra, defendant acknowledged in both his written plea agreement and in open court that he was exposed to a sentence up to the ten year statutory maximum. See supra Part II.A.1. Therefore, defendant's contention that his plea was involuntary lacks merit and is conclusively contradicted by the record.

### 3. **Failure to Object**

Defendant next contends that trial counsel was ineffective for failing to object that defendant "was being sentenced to a guideline range inconsistent with the government's proffer agreement." (See id. at 5). As discussed supra, there is no evidence of record to support defendant's contention that the government entered into a proffer agreement recommending a sentence of 46-57 months. See supra Part II.A.1. In fact, defendant openly admitted that the government merely agreed to (1) recommend a sentence within the guideline range up to the statutory maximum of ten years; (2) recommend a three-level reduction in defendant's offense level for acceptance of responsibility; and (3) dismiss the original indictment and remaining counts of the superseding indictment. (See e.g., Doc. 108 at 8-9; Doc.

95 at 1, 5-6). The government upheld its end of the bargain,[7] and thus there was no basis upon which trial counsel could object. Counsel cannot be deemed ineffective for failing to raise a meritless claim, see Saunders, 165 F.3d at 253, and, as a result, defendant's third claim of ineffective assistance of counsel fails.

### 4. Failure to Argue Issues on Appeal

Defendant next asserts that his trial counsel was ineffective because he failed to argue on direct appeal several issues which defendant wished to raise. (See Doc. 167 at 7). In particular, defendant contends that trial counsel failed to contest either the computation of his criminal history score or the trial court's denial of a downward departure motion for extraordinary family circumstances. (See id. at 11-12). Despite defendant's contention, both of these issues were raised by counsel and subsequently rejected by the Third Circuit. See infra note 10 (discussing the Third Circuit's consideration of these issues on direct appeal in Coffee, 293 F. App'x 904 (2008)).

Defendant also complains that his counsel did not challenge his sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(5), or the government's breach of the proffer agreement. (See Doc. 167 at 11-12). Counsel cannot be deemed ineffective

---

[7] The probation officer recommended a three-level reduction for acceptance of responsibility, which was adopted by the court. (See Doc. 153 at 5). The government stated that it would be "satisfied with any sentence within the guideline range that the court has determined," and the court sentenced defendant to 100 months' imprisonment, a term within the guideline range and below the ten year statutory maximum. (See id. at 32). The court also granted the government's motion to dismiss the original indictment and the remaining counts on the superseding indictment. (See id. at 38).

7

for failing to raise a meritless claim, see Saunders, 165 F.3d at 253, and, as explained below, both of these claims lack merit. See infra Part II.B-C. Thus, defendant's fourth contention does not establish that his counsel was ineffective.

### 5. Failure to Appear for Oral Argument

Defendant lastly asserts that his counsel was ineffective because he failed to appear for oral argument before the Third Circuit. While such inaction could potentially satisfy both prongs of Strickland, defendant's accusation is baseless. Per order dated September 8, 2009, the Third Circuit declined to hold oral argument on defendant's appeal. See Coffee, Civ. A. No. 07-2470, Dkt. No. 00312052182. Therefore, counsel had no reason to appear, and the court rejects defendant's final contention that he received ineffective assistance of counsel.

## B. Breach of Plea Agreement

Defendant alleges that his guilty plea was not knowing and voluntary[8] because the government breached the terms of his plea agreement by failing to recommend a sentence within the 46-57 month range of the "proffer agreement." (See Doc. 167 at 18-26). As discussed supra, defendant's claim that he entered into a proffer agreement with the government is contradicted by his own sworn statements during the change of plea hearing and the unequivocal language of his actual plea agreement. See supra Part II.A.1. The terms of the written plea

---

[8] Defendant specifically "challenges under the due process clause the conditions of voluntariness, intelligence, and fairness in securing agreement between [defendant] and prosecutor." (Doc. 167 at 18).

agreement were not breached, and defendant received exactly what was bargained for. Accordingly, this claim fails.

Even if a proffer agreement existed and the government breached that agreement, however, it does not follow that such a breach would violate defendant's right to due process.[9] The Third Circuit has recognized that "in order for a guilty plea to comply with the Due Process Clause of the Fifth Amendment, it must be knowing, voluntary and intelligent." United States v. Tidwell, 521 F.3d 236, 251 (3d Cir. 2008) (citing Bousley v. United States, 523 U.S. 614 (1998)). To that end, Federal Rule of Criminal Procedure 11 provides that "[b]efore accepting a plea of guilty . . . the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands[,] the maximum possible penalty provided by law . . . ." See Tidwell, 521 F.3d at 251.

In the present matter, the court repeatedly apprised defendant of the maximum ten year sentence to which he was exposed, and defendant acknowledged that he understood. (See Doc. 108 at 8, 10-11, 14). Irrespective of the propriety of the government's recommendation, defendant's plea was knowing, voluntary, and intelligent and did not violate the Due Process Clause of the Fifth Amendment. See Tidwell, 521 F.3d at 253 (concluding that "Tidwell was informed that his guilty plea subjected him to a mandatory sentence unless the government moved for a reduction based on Tidwell's subsequent cooperation. The cooperation

---

[9] The Fifth Amendment states, "No person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V.

was not forthcoming, but that does not alter the fact that Tidwell's plea was knowing, voluntary and intelligent"). Therefore, defendant's claim that the government's breach of the alleged proffer agreement violated his right to due process fails.

C. **Sentencing Errors**

Defendant alleges that the court committed numerous errors during sentencing, namely (1) that the court erred in computing his criminal history score pursuant to U.S.S.G. § 4A1.2(c)(1), (Doc. 167 at 31); (2) that the court erred in determining that his family circumstances did not warrant a downward departure in sentence, (id. at 40); and (3) that the court erred in enhancing his sentence pursuant to U.S.S.G. § 2K2.1(b)(5), (id. at 26). The court will not consider defendant's first two contentions, for the Third Circuit has already addressed these issues.[10] It is well settled that a petitioner typically may not relitigate issues that were decided adversely to him on direct appeal by means of a § 2255 petition.[11] See United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993); see also United States

---

[10] Regarding the criminal history score computation, the Third Circuit expressly concluded that "[t]he District Judge did not err in determining that those convictions were properly included." Coffee, 293 F. App'x at 906. Similarly, the Third Circuit held that "Coffee's second argument–that his sentence is unreasonable because the District Judge failed to account for his extraordinary family circumstances–also fails." Id.

[11] An exception to this rule exists when there has been an intervening change in law that affects the claim that was decided adversely to the petitioner. See Davis v. United States, 417 U.S. 333, 342 (1974). This exception is inapplicable in the present case, however, because defendant has not—and cannot—point to an intervening change in the law that affects the issues in the instant petition.

10

v. Grasso, 468 F. Supp. 264, 266 (E.D. Pa. 1979) (stating that "issues decided on appeal cannot be raised collaterally by § 2255 motion").

Defendant lastly contends that the government did not present sufficient evidence to support the conclusion that he was in constructive possession of crack cocaine while in possession of a firearm and, therefore, that his sentence enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) was unjustified. (See Doc. 167 at 27). Defendant did not raise this issue on direct appeal. See Coffee, 293 F. App'x 904 (2008). "Consideration of a § 2255 motion must begin with the axiom that collateral attack on a federal sentence is not to be used as a substitute for direct appeal[,]" and a corollary to that principles is that "issues that could have been raised on direct appeal and inexcusably were not are not the proper subject of a § 2255 motion." Grasso, 468 F. Supp. at 266 (citations omitted). The Third Circuit has explained that "[b]ecause collateral review under 28 U.S.C. § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a § 2255 motion that he raised on direct review." Hodge v. United States, 554 F.3d 372, 378-79 (3d Cir. 2009). Courts will exempt a movant from that rule, however, if he proves either (1) "that he is actually innocent of the crime for which he was convicted," or (2) "that there is valid cause for the default, as well as prejudice resulting from the default." Id. at 379.

Despite the fact that defendant failed to raise this claim on direct appeal, the court will consider defendant's contention because it amounts to a claim of innocence: he argues that his possession of a firearm was not in connection with

11

another felony offense because he did not constructively possess the narcotics. (See Doc. 167 at 26-31). Defendant mounted the same argument at sentencing, (see Doc. 153 at 6-9), and the court found "by a preponderance of the evidence that the defendant possessed the 2.9 grams of crack cocaine, [and] that his possession of the gun was in connection with his drug possession." (See id. at 8-9). Therefore, the court denied defendant's objection to the enhancement pursuant to U.S.S.G. § 2K2.1(b)(5). (See id.). The court's original finding is supported by ample evidence of record. It was undisputed that crack cocaine was found in a vehicle owned by DeShawna Davenport, that she loaned the vehicle to the defendant on the day the drugs were found in plain view, and the vehicle was parked a relatively short distance from where the defendant admitted to possessing the gun in question. (See id. at 8). Defendant openly admitted that he possessed a firearm, and a preponderance of the evidences shows that it was connected to his constructive possession of narcotics. Thus, the court will deny defendant's objection to the sentencing enhancement.

## III.  Conclusion

For the foregoing reasons, defendant's motion (Doc. 166) to vacate will be denied. An appropriate order follows.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     April 16, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0277** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **NEGII COFFEE, II** | : | |

## **ORDER**

AND NOW, this 16th day of April, 2010, upon consideration of defendant's motion (Doc. 166) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendant's motion (Doc. 166) is DENIED.

2. A certificate of appealability is DENIED. See 28 U.S.C. § 2253(c).


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge